MARK STEGER SMITH
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Ph: (406) 247-4667; Fax: (406) 657-6058
mark.smith3@usdoj.gov

JEAN E. WILLIAMS
Deputy Assistant Attorney General

LUTHER L. HAJEK (CO Bar 44303)
MARISSA A. PIROPATO (MA Bar 651630)
United States Department of Justice
Environment and Natural Resources Division
999 18th St., South Terrace, Suite 370
Denver, CO 80202
Ph: (303) 844-1376; Fax: (303) 844-1350
luke.hajek@usdoj.gov
marissa.piropato@usdoj.gov

*Attorneys for Federal Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| THE ASSINIBOINE AND SIOUX TRIBES OF THE FORT PECK INDIAN RESERVATION, <br><br> Plaintiffs, <br> v. <br><br> THE U.S. DEPARTMENT OF THE INTERIOR, *et al.,* <br><br> Defendants, | CV 20-44-BMM-JTJ <br><br> **FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Federal Defendants – United States Department of the Interior; David L. Bernhardt, in his official capacity as Secretary of the Interior; the Bureau of Land Management; John Mehlhoff, in his official capacity as the State Director of the Montana/ Dakotas State Office of the Bureau of Land Management ("BLM"); U.S. Army Corps of Engineers ("Corps"); Ryan McCarthy, in his official capacity as Secretary of the Army; and Colonel Mark Himes[1], in his official capacity as District Commander of the U.S. Army Corps of Engineers – Omaha District – hereby answer Plaintiffs' Complaint, ECF No. 1, as follows:

1.       The allegations in the first sentence of Paragraph 1 consist of Plaintiffs' characterizations of their claims, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations. Federal Defendants admit the allegations in the second sentence of Paragraph 1.  Federal Defendants deny the allegations in the third sentence of Paragraph 1.

2.       The allegations in Paragraph 2 are vague and therefore are denied.

3.       The allegations in the first sentence of Paragraph 3 consist of Plaintiffs' characterizations of their claims, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations. The

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Colonel Mark Himes is substituted for Colonel John L. Hudson, P.E.

allegations in the second sentence of Paragraph 3 purport to characterize BLM's right-of-way and the Corps Section 408 permit, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with those referenced documents, they are denied.

4.      Federal Defendants admit the allegations in the first sentence of Paragraph 4.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4, and therefore they are denied.

5.      As to the first sentence in Paragraph 5, Federal Defendants admit that the United States has funded and developed an irrigation system and a rural water system that provide water on the Reservation.  As to the second sentence in Paragraph 5, Federal Defendants admit that the irrigation project has two intakes in the Missouri River ten and fourteen miles downstream of the proposed Pipeline's crossing of the Missouri River and aver that since 2013, the irrigation project water users have operated and maintained the project.  Federal Defendants admit the allegations in the third and fourth sentences of Paragraph 5.  As to the fifth sentence in Paragraph 5, Federal Defendants aver that the ASRWSS intake is in the Missouri River more than 40 miles downstream of the proposed Pipeline's crossing of the Missouri River but are without knowledge of the remaining allegations in the sentence and therefore deny the same.  The remaining allegations in Paragraph

3

5 are legal conclusions to which no response is required; to the extent a response is required, the allegations are denied.

6.      Federal Defendants admit that a portion of the pipeline will pass approximately one-quarter mile from the southwest corner of the Reservation boundary at its closest point.  Federal Defendant deny the remaining allegations in the first sentence of Paragraph 6.  Federal Defendants deny the allegations in the second and third sentences of Paragraph 6.

7.      Federal Defendants deny the allegations in Paragraph 7.

8.      The allegations in the first sentence of Paragraph 8 purport to characterize the 2019 Final Supplemental Environmental Impact Statement ("2019 FSEIS"), the 2014 Final Supplemental Environmental Impacts Statement ("2014 FSEIS") and unspecified documents prepared by TransCanada's contractors, which speaks for themselves and are the best evidence of their content;  to the extent the allegations are inconsistent with those documents, they are denied.  Federal Defendants specifically deny that they failed to adequately consider the issues listed by Plaintiffs in the first sentence of Paragraph 8 and that they relied upon irrational assumptions.  Federal Defendants deny the allegations in the third sentence of Paragraph 8.

9.      Federal Defendants deny the allegations in Paragraph 9.

10.     The allegations in the first sentence of Paragraph 10 assert legal conclusions, to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.  The remaining allegations in Paragraph 10 consist of Plaintiffs' characterization of their case, and purport to characterize and quote the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the APA, they are denied.

11.     The allegations in Paragraph 11 assert legal conclusions to which no response is required.

12.     The allegations in Paragraph 12 characterize the Federal Register, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Federal Register, they are denied.

13.     Federal Defendants admit that Defendant David Bernhardt is the Secretary of the Department of the Interior ("DOI") and the allegations in the third and fourth sentences of Paragraph 13.  The remaining allegations in Paragraph 13 assert legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

14.     Federal Defendants admit that DOI is an executive agency of the United States government; the remaining allegations in Paragraph 14 assert legal conclusions to which no response is required.

15.     Federal Defendants admit the allegations in Paragraph 15.

16.     Federal Defendants admit that Defendant BLM is an agency within DOI and that 44.4 miles of public land in Montana will be used for the Pipeline. The remaining allegations in Paragraph 16 assert legal conclusions to which no response is required.

17.     Federal Defendants admit the allegations in the first and third sentences of Paragraph 17.  The allegations in the second sentence of Paragraph 17 are legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

18.     Federal Defendants aver that Col. Mark Himes assumed command of the Omaha District for the U.S. Army Corps of Engineers from Col. John L. Hudson on July 8, 2020.  Federal Defendants aver that on January 21, 2020, under Section 408, the Corps granted permission to BLM to include Corps-administered federal land for the portion of the pipeline 1.8 river miles downstream from the Ft. Peck spillway.  The remaining allegations in the second sentence of Paragraph 18 are vague and therefore are denied.  Federal Defendants admit the allegations in the third sentence of Paragraph 18.

19.     Federal Defendants admit that Defendant Corps is an agency of the United States.  The remaining allegations in Paragraph 19 assert legal conclusions to which no response is required.

6

20.     The allegations in Paragraph constitute Plaintiffs' characterization of their reference to Federal Defendants in their pleading, to which no response is required.

21.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore they are denied.

22.     The allegations in the first sentence of Paragraph 22 purport to characterize the Act of April 15, 1874, ch. 96, 18 Stat. 28, 28-29 ("1874 Act"), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the 1874 Act, they are denied.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 22, and therefore they are denied.

23.     The allegations in the Paragraph 23 purport to characterize and quote various acts and agreements, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced acts and agreements, they are denied

24.     The allegations in the first sentence of Paragraph 24 purport to characterize and quote the 1888 Act, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the 1888

Act, they are denied.  Federal Defendants admit the allegations in the second and third sentences of Paragraph 24.

25.     Fedearal Defendants admit the allegations in the first sentence of Paragraph 25.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentences of Paragraph 25, and therefore they are denied.

26.     The allegations in the first sentence of Paragraph 26 are legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26, and therefore they are denied.

27.     Federal Defendants admit that the United States has funded and developed a series of systems that provide water on the Reservation.  The remaining allegations in the first sentence of Paragraph 27 are legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.  Federal Defendants admit the allegations in the second sentence of Paragraph 27.

28.     The allegations in the first, second, and third sentences of Paragraph 28 purport to characterize and quote a legal decision and the 1888 Act, which speak for themselvse and are the best evidence of their content; to the extent the

allegations are inconsistent with the that decision and the 1888 Act, they are denied.  Federal Defendants admit the allegations if the fourth sentence of Paragraph 28.

29.     The allegations in the first, second and third sentences of Paragraph 29 purport to characterize the Act authorizing the Fort Peck Irrigation Project ("Irrigation Project") and subsequent appropriations, which speaks for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with those referenced documents, they are denied.  Federal Defendants admit the allegations in the fourth and fifth sentences of Paragraph 29.

30.     Federal Defendants admit the allegations in the first and second sentences of Paragraph 30.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 30, and therefore they are denied.

31.     The allegations in Paragraph 31 purport to characterize the Fort Peck-Montana Water Compact ("Compact") and two court opinions, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced documents, they are denied.

32.     The allegations in Paragraph 32 purport to characterize the Compact, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Compact, it is denied.

33.     The allegations in Paragraph 33 purport to characerize and quote the Fort Peck Reservation Rural Water System Act of 2000, Pub. L. No. 106-382, 114 Stat. 1451 ("2000 Act"), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the 2000 Act, they are denied.

34.     The allegations in the first and second sentences of Paragraph 34 purport to characerize and quote the 2000 Act and certain unnamed actions of Congess, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the 2000 Act and the actions of Congress, they are denied.  Federal Defendants admit that title to the ASRWSS is held in trust by the United States for the Fort Peck Tribes.  The allegations in the third sentence of Paragraph 34 are vague and therefore are denied.   The allegations in the third sentence of Paragraph 34 are vague and therefore are denied.

35.     Federal Defendants admit that the ASRWSS diverts water from the Missouri River.  The remaining allegations of the first sentence of Paragraph 35 state a legal conclusion to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.  Fedeal Defendants admit that the ASRWSS delivers potable water for municipal, residential, and industrial purposes on the Reservation.  Federal Defendants lack knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35, and therefore they are denied.

36.     Federal Defendants admit the allegations in Paragraph 36.

37.     Federal Defendants deny the allegations in Paragrah 37 and aver that the Missouri River is a reliable source of fresh water on the Reservation because the groundwater throughout most of the Reservation is of low quality naturally, although there is some groundwater pollution in places.

38.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and therefore they are denied.

39.     The allegations in Paragraph 39 purport to characerize TransCanada's permit applications, which speak for themselves ansd are the best evidence of their content; to the extent the allegations are inconsistent with the applications, they are denied.

40.     Federal Defendants deny the fifty-foot wide right-of-way grant on federal lands will last as long as the Pipeline is in operation and aver that the grant will expire on December 31, 2049.  Federal Defendants admit the remaining allegations in Paragraph 40 for federal lands included in the BLM's ROW grant. Federal Defendants aver that they are without knowledge of Pipeline construction requirements on other lands.

41.     Federal Defendants admit the allegations in Paragraph 41.

42.     Federal Defendants deny that dilbit is especially dangerous for the Irrigation Project and ASRWSS.  Federal Defendants admit the remaining allegations in Paragraph 42.

43.     Federal Defendants admit that oil, including dilbit, would weather over time and mix with particulates in the water resulting in the oil sinking below the water surface if it is not removed from the environment.  Federal Defendants deny the remaining allegations in the first, third, and fourth sentences of Paragraph 43.  The allegations in the second sentence of Paragraph 43 are vague and therefore are denied.  The allegations in the fifth sentence of Paragraph 43 purport to characterize the 2019 FSEIS, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the 2019 FSEIS, they are denied.

44.     Federal Defendants admit the allegations in the first sentence of Paragraph 44.  The allegations in the second, third, and fourth sentences of Paragraph 44 are vague and therefore are denied.

45.     Federal Defendants aver that TransCanada cannot perform work under the Section 408 permission unless it receives authorization under Section 10 of the Rivers and Harbors Act of 1899 (30 Stat. 1151; 33 U.S.C. § 403).  Federal Defendants admit the remaining allegations in the first sentence of Paragraph 45.

Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 45, and therefore they are denied.  Defendants deny the allegations in the third sentence of Paragraph 45.

46.     Federal Defendants admit that the Pipeline and Hazardous Materials Safety Administration ("PHMSA") is an agency with the U.S. Department of Transportation that regulates pipelines that transport crude oil.  The remaining allegations in the first and second sentences of Paragraph 46 are legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations. The allegations in the third, fourth, fifth, and sixth sentences of Paragraph 46 purport to characterize and quote the regulations of the PHMSA, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.  The allegations in the seventh sentence of Paragraph 46 are legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

47.     The allegations in the first and second sentences of Paragraph 47 assert legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.  The remaining allegations in Paragraph 47 purport to chracterize the BLM Record of Decision ("BLM ROD"),

which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the BLM ROD, they are denied.

48.    The allegations in Paragraph 48 assert legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

49.    The allegations in Paragraph 49 purport to characterize and quote the Mineral Leasing Act ("MLA"), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the MLA, they are denied.

50.    The allegations in Paragraph 50 purport to characterize and quote the MLA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the MLA, they are denied.

51.    The allegations in Paragraph 51 purport to characterize and quote the MLA and BLM regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced documents, they are denied.

52.    The allegations in Paragraph 52 purport to characterize BLM regulations and the BLM ROD, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced documents, they are denied.

53.     Federal Defendants aver that the Missouri River at the pipeline crossing is a "navigable water" under the Rivers and Harbors Act ("RHA").  The remaining allegations in Paragraph 53 purport to characterize and quote the RHA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the RHA, they are denied.

54.     The allegations in Paragraph 54 purport to characterize and quote the Department of the Army's policies, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced policies, they are denied.

55.     The allegations in Paragraph 55 purport to characterize and quote federal regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

56.     Fedearl Defendants aver that Engineering Circular No. 1165-2-220 provides policy and procedural guidance for processing requests by private, public, tribal, or other federal entites to make alterations to, or temporarily or permanently occupy or use, any Corps federally authorized Civil Works project under 33 U.S.C. § 408.  Federal Defendants deny the remaining allegations in the first sentence of Paragraph 56.  The allegations in the second and third sentences of Paragraph 56 purport to characterize Engineering Circular 1165-2-220, which speaks for itself

15

and is the best evidence of its content; to the extent the allegations are inconsistent with the Engineering Circular, they are denied.

57.    The allegations in Paragraph 57 assert legal conclusions to which no response is required; to the extent a respose is required, Federal Defendants deny the allegations.

58.    The allegations in Paragraph 58 assert legal conclusions to which no response is required; to the extent a response is requried, Federal Defendants deny the allegations.

59.    The allegations in Paragraph 59 assert legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

60.    The allegations in Paragraph 60 assert legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

61.    The allegations in Paragraph 61 assert legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

62.    The allegations in Paragraph 62 assert legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

63.     The allegations in Paragraph 63 assert legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

64.     The allegations in Paragraph 64 assert legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

65.     The allegations in Paragraph 65 assert legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

66.     The allegations in Paragraph 66 assert legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

67.     The allegations in Paragraph 67 purport to characterize guidance from the Council on Environmental Quality ("CEQ"), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced document, they are denied.

68.     The allegations in Paragraph 68 purport to characterize CEQ guidance, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced document, they are denied.

69.     The allegations in Paragraph 69 purport to characterize and quote CEQ guidance, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced document, they are denied.

70.     The allegations in Paragraph 70 purport to characterize CEQ guidance, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced document, they are denied.

71.     The allegations in Paragraph 71 assert legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

72.     The allegations in Paragraph 72 purport to characterize and quote the American Indian Agricultural Resource Management Act of 1993, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced document, they are denied.

73.     The allegations in Paragraph 73 purport to characterize and quote the American Indian Religious Freedom Act and policies of BLM and the Department of the Defense, which speak for themselvse and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced documents, they are denied.

74.     Federal Defendants admit the allegations in Paragraph 74.

75.     The allegations in Paragraph 75 purport to characterize TransCanada's ROW application and Plan of Development ("POD"), which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced documents, they are denied.

76.     Federal Defendants admit the allegations in Paragraph 76.

77.     The allegations in the first clause of the first sentence of Paragraph 77 characterize a federal statute, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that statute, they are denied.   The allegations in the second clause of the first sentence of Paragraph 77 characterize the 2011 EIS which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the 2011 EIS, they are denied.  Federal Defendants admit the allegations in the second sentence of Paragraph 77.

78.     Federal Defendants admit the Department of State prepared and issued an EIS in 2011.  The remaining allegations in the first sentence of Paragraph 78 purport to characterize the 2011 EIS which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the 2011 EIS, they are denied.  The allegations in the second sentence of Paragraph 78 purport to characterize and quote a federal statue, which speaks for itself and is the

best evidence of its content; to the extent the allegations are inconsistent with that federal statute, they are denied.  The allegations in the third sentence of Paragraph 79 purport to characterize the Federal Register and a media note, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Federal Register and media note, they are denied.

79.     Federal Defendants admit the allegations in Paragraph 79.

80.     Federal Defendants admit the allegations in the first sentence of Paragraph 80.  The allegations in the second and fourth sentence of Paragraph 80 purport to characterize the 2014 FSEIS, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the 2014 FSEIS, they are denied.  Federal Defendants admit the allegations in the third sentence of Paragraph 80 and aver that the 2019 FSEIS updated the 2014 FSEIS to include the ASWRSS intake 57 miles downstream of the Missouri River crossing and accidental release modeling impact analysis.

81.     The allegations in the first and fourth sentences of Paragraph 81 purport to characterize and quote the 2014 FSEIS, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the 2014 FSEIS, they are denied.  The allegations in the second sentence of Paragraph 81 purport to characterize the Exponent Report, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the

Exponent Report, they are denied.  Federal Defendants deny the allegations in the third sentence of Paragraph 81.  The allegations in the fifth sentence of Paragraph 81 purport to characterize the Tribes' comments on the 2014 FSEIS which speak for themslves and are the best evidence of their content; to the extent the allegations are inconsistent with the Tribes' comments on the 2014 FSEIS, they are denied.

82.    The allegations in the first sentence of Paragraph 82 purport to characterize the Federal Register and a press statement, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Federal Register and press statement, they are denied. Federal Defendants admit the allegations in the second sentence of Paragraph 82.

83.    Federal Defendants admit the allegations in the first and third sentences of Paragraph 83.  The allegations in the second sentence of Paragraph 83 purport to characterize the January 24, 2017 Presidential Memorandum, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Presidential Memorandum, they are denied.

84.    Federal Defendants admit the allegations in the first, second, and fourth sentences of Paragraph 84.  The allegations in the third sentence of Paragraph 84 are vague and therefore are denied.  The allegations in the fifth and sixth sentences of Paragraph 84 purport to characterize the Tribes' comments on

the 2014 FSEIS, which speak for themslves and are the best evidence of their content; to the extent the allegations are inconsistent with the Tribes' comments on the 2014 FSEIS, they are denied.

85.    The allegations in the first sentence of Paragraph 85 purport to characterize the Federal Register, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Federal Register, they are denied.  Federal  Defendants admit the allegations in the second sentence of Paragraph 85.  The allegations in the third sentence of Paragraph 85 purport to characterize court opinions, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the opinions they are denied.

86.    The allegations in the first sentence of Paragraph 86 purport to characterize the Federal Register which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Federal Register, they are denied.  The allegations in the second sentence of Paragraph 86 purport to characterize litigation, which Federal Defendants admit is ongoing.

87.    Federal Defendants admit the allegations in Paragraph 87.

88.    The allegations in Paragraph 88 purport to characterize the Tribes' comments on the 2019 DSEIS, which speak for themslves and are the best

evidence of their content; to the extent the allegations are inconsistent with the Tribes' comments on the 2019 DSEIS, they are denied.

89.    The allegations in Paragraph 89 purport to characterize the Tribes' comments on the 2019 FSEIS, which speak for themslves and are the best evidence of their content; to the extent the allegations are inconsistent with the Tribes' comments on the 2019 FSEIS, they are denied.

90.    The allegations in the first and third sentences of Paragraph 90 purport to characterize the Tribes' comments on the 2019, which speak for themslves and are the best evidence of their content; to the extent the allegations are inconsistent with the Tribes' comments on the 2019 DSEIS, they are denied.  Federal Defendants admit that the 2019 FSEIS analysis considered six construction camps in Montana.  The allegations in the second sentence of Paragraph 90 are vague and therefore are denied.

91.    Federal Defendants admit that a Notice of Availability for EIS No. 20190301, Second Final Supplemental, Keystone XL Project, was published in the Federal Register on December 20, 2019.  The remaining allegations in Paragraph 91 purport to characterize the 2019 FSEIS, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the 2019 FSEIS, they are denied.

92.    Federal Defendants deny the allegations in Paragraph 92.

93.     The allegations in the first, third, fourth, and fifth sentences of Paragraph 93 purport to characterize the Tribes' comments on the 2019 DSEIS, which speak for themslves and are the best evidence of their content; to the extent the allegations are inconsistent with the Tribes' comments on the 2019 DSEIS, they are denied.  Federal Defendants deny the allegations in the second sentence of Paragraph 93.

94.     Federal Defendants deny the allegations in the first and fifth sentences of Paragraph 94.  The allegations in the second and third sentencea of Paragraph 94 purport to characterize the 2019 FSEIS, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the 2019 FSEIS, they are denied.  The allegations in the fourth sentence of Paragraph 94 purport to characterize the 2019 FSEIS and the 2014 FSEIS, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the 2019 FSEIS and 2014 FSEIS, they are denied.

95.     Federal  Defendants deny the allegations in the first sentence of Paragraph 95.    The allegations in the second, third, and fifth sentences of Paragraph 95 purport to characterize the Tribes' comments on the 2014 DSEIS and the 2019 FSEIS, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the Tribes' comments on the 2014 DSEIS and the 2019 FSEIS, they are denied.  The allegations in the

24

fourth sentence of Paragraph 95 purport to characterize the 2019 DSEIS, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the 2019 DSEIS, they are denied.

96.     The allegations in Paragraph 96 purport to characterize and quote the 2019 FSEIS, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the 2019 FSEIS, they are denied.

97.     Federal Defendants deny the allegations in Paragraph 97.

98.     Federal Defendants deny the allegations in the first sentence of Paragraph 98.  The allegations in the second, third, and fourth sentences of Paragraph 98 purport to characterize the Tribes' comments on the 2014 DSEIS and the 2019 FSEIS, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the Tribes' comments on the 2014 DSEIS and the 2019 FSEIS, they are denied.

99.     The allegations in the first and second sentences of Paragraph 99 purport to characterize and quote EPA comments on the 2019 DSEIS, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the EPA comments on the 2019 DSEIS, they are denied. Federal Defendants deny the allegations in the third sentence of Paragraph 99.

100.   The allegations in the first sentence of Paragraph 100 purport to characterize and quote the 2019 FSEIS, which speaks for itself and is the best

evidence of its content; to the extent the allegations are inconsistent with the 2019 FSEIS, they are denied.  Federal Defendants deny the allegations in the second sentence of Paragraph 100.

101.   Federal Defendants deny the allegations in the first sentence of Paragraph 101.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 101, and therefore they are denied.  The allegations in the third sentence of Paragraph 101 are vague and therefore are denied.

102.   The allegations in Paragraph 102 purport to characterize and quote the 2019 FSEIS, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the 2019 FSEIS, they are denied.

103.   The allegations in the first, second, and third sentences of Paragraph 103 purport to characterize and quote the 2017 Risk Assessment, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the 2017 Risk Assessment, they are denied.  The allegations in the fourth and fifth sentences of Paragraph 103 purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the federal regulation, they are denied.  The allegations in the sixth sentence of Paragraph 103 purport to characterize the Tribes' comments on the 2014 DSEIS and the 2019 FSEIS, which

speak for themselves and are the best evidence of their content; to the extent the

allegations are inconsistent with the Tribes' comments on the 2014 DSEIS and the

2019 FSEIS, they are denied.

104.    The allegations in the first sentence of Paragraph 104 purport to

characterize the 2017 Risk Assessment, which speaks for itself and is the best

evidence of its content; to the extent the allegations are inconsistent with the 2017

Risk Assessment, they are denied.  Federal Defendants deny the allegations in the

second and third sentences of Paragraph 104.

105.    The allegations in the first, fifth, and sixth sentences of Paragraph 105

purport to characterize and quote the 2017 Risk Assessment and a federal

regulation, which speak for themselves and are the best evidence of their content;

to the extent the allegations are inconsistent with the 2017 Risk Assessment and

the federal regulation, they are denied.  The allegations in the second, third, and

fourth sentences of Paragraph 105 purport to characterize and quote federal

regulations, which speaks for themselves and are the best evidence of their

contents; to the extent the allegations are inconsistent with the regulations, they are

denied.  Federal Defendants deny the allegations in the seventh and eighth

sentences of Paragraph 105.

106.    The allegations in the first and second sentences of Paragraph 106

purport to characterize the 2017 Risk Assessment and a federal regulation, which

speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the 2017 Risk Assessment and a federal regulation, they are denied.  The allegations in the third and fourth sentences of Paragraph 106 are vague and therefore are denied.

107.   The allegations in the first, second, and fifth sentences of Paragraph 107 are vague and therefore are denied.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 107, and therefore they are denied.  Federal Defendants deny the allegations in the fourth and sixth sentences of Paragraph 107.

108.   The allegations in the first sentence of Paragraph 108 are legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.  The allegations in the second sentence of Paragraph 108 purport to characterize the 2019 FSEIS, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the 2019 FSEIS, they are denied.

109.  Federal Defendants deny the allegations in the first sentence of Paragraph 109.  The allegations in the second sentence of Paragraph 109 purport to characterize the Tribes' comments on the 2019 DSEIS, which speak for themslves and are the best evidence of their content; to the extent the allegations are inconsistent with the Tribes' comments on the 2019 DSEIS, they are denied.  The

allegations in the third, fourth, fifth, and sixth sentences of Paragraph 109 purport to characterize the Tribes' comments on the 2014 DSEIS and the 2019 FSEIS, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the Tribes' comments on the 2014 DSEIS and the 2019 FSEIS, they are denied.  The allegations in the seventh and eighth sentences of Paragraph 109 are legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

110.  Fedeal Defendants deny the allegations in the first, third, fourth, and fifth sentences of Paragraph 110.  The allegations in the second sentence of Paragraph 110 purport to characterize and quote the 2019 FSEIS, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the 2019 FSEIS, they are denied.

111.   The allegations in Paragraph 111 purport to characterize and quote the BLM ROD, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the BLM ROD, they are denied. Federal Defendants deny the 2011 FEIS, 2014 FEIS, and 2019 FEIS are insufficient.

112.   The allegations in the first, second, and fourth sentences of Paragraph 112 purport to characterize and quote the BLM ROD, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with

the BLM ROD, they are denied.  Federal Defendants deny the allegations in the third and fifth sentences of Paragraph 112.

113.   Federal Dedendants aver that on January 21, 2020, the Corps concurred with the BLM Right of Way Grant and Temporary Use Perimt across property under the control of the Corps of Engineers at the Fort Peck Lake Project, Montana, subject to certain terms and conditions.  Federal Defendants deny the remaining allegations in the first sentence of Paragraph 113.  Federal Defendants aver that the Corps provided the ROD to the Tribes.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 113, and therefore they are denied.

114.   The allegations in Paragraph 114 purport to characterize the Corps ROD, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with Corps ROD, they are denied.

115.   The allegations in the first, second, and third sentences of Paragraph 115 purport to characterize and quote the Corps ROD which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with Corps ROD, they are denied.  Federal Defendants deny the allegation in the fourth sentence of Paragraph 115.

116.   The allegations in the first, second, and fourth sentences of Paragraph 116 purport to characterize the Corps ROD which speaks for itself and is the best

evidence of its content; to the extent the allegations are inconsistent with Corps ROD, they are denied. Federal Defendants deny the allegations in the third and fifth sentences of Paragraph 116.

117.   Federal Defendants aver that the BLM ROD and Corps ROD adopt the 2014 FSEIS and its 2019 supplement and primarily rely on the technical and impact analysis in the 2014 FSEIS and its 2019 supplement. Federal Defendants deny the remaining allegations in the first and second sentences of Paragraph 117.

118.   Fedeal Defendants deny the allegations in Paragraph 118.

119.   Federal Defendants admit the allegations in the first and second sentences of Paragraph 119. The allegations in the third sentence of Paragraph 119 are legal conclusions to which no response is required; to the extent a response is required, Fedearl Defendants deny the allegations.

120.    Federal Defendants admit the allegations in the first sentence of Paragraph 120. The allegations in the second sentence of Paragraph 120 are vague and are therefore denied. Federal Defendants aver that on March 11, 2020, the World Health Organization made the assessment that COVID-19 can be characterized as a pandemic. Federal Defendants deny the remaining allegations in the third sentence of Paragraph 120. Federal Defendants admit the allegations in the fourth, fifth, and sixth sentences of Paragraph 120.

121.   The allegations in the first, second, and third sentences of Paragraph 121 purport to characterize and quote Centers for Disease Control and Prevention ("CDC") public health guidelines, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the CDC Guidelines, they are denied.  The allegations in the fourth sentence of Paragraph 121 purport to characterize a study, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the study, they are denied.

122.   The allegations in Paragraph 122 purport to characterize CDC public health guidelines, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the CDC Guidelines, they are denied.

123.   Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123, and therefore they are denied.

124.   Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124, and therefore they are denied.

125.   The allegations in the first sentence of Paragraph 125 purport to characterize the State of Montana Executive Order No. 2-2020, which speaks for

32

itself and is the best evidence of its content; to the extent the allegations are inconsistent with the State of Montana Executive Order, they are denied.  The allegations in the second sentence of Paragraph 125 purport to characterize the Federal Register, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Federal Register, they are denied.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third, fourth, and fifth sentences of Paragraph 125, and therefore they are denied.

126.   Federal Defendants deny the allegations in the first sentence of Paragraph 126 and aver that TransCanada's contractor started construction of the Pipeline's border crossing near Morgan, Montana, on April 6, 2020.  The allegations in the second and third sentences of Paragraph 126 purport to characterize and quote articles, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced articles, they are denied.  Federal Defendants further aver that TC Energy is not currently authorized to undertake activities associated with portions of the pipeline that require a Clean Water Act Section 404 permit or Rivers and Harbors Act permit Section 10 permit but may continue construction in other portions along the pipeline alignment that are not subject to federal jurisdiction.

Federal Defendants deny the remaining allegations in the fourth sentence of Paragraph 126.

127.   Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 127, and therefore they are denied.  Federal Defendants admit the allegations in the fourth sentence of Paragraph 127 and deny any violation of law.

128.  The allegations in the first sentence of Paragraph 128 purport to characterize April 7, 2020 letters from the Tribes to Secretary Bernhardt and Colonel Hudson, which speak for themslves and are the best evidence of their contents; to the extent the allegations are inconsistent with the April 7, 2020 letters, they are denied.  The allegations in the second sentence of Paragraph 128 purport to characterize Colonel Hudson's May 14, 2020 reply, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with Colonel Hudson's May 14, 2020 reply, they are denied.   Federal Defendants deny the allegations in the third sentence of Paragraph 128 and aver that Secretary Bernhardt did not receive a letter dated April 7, 2020, but BLM responded on April 20, 2020, to a March 30, 2020, letter from the Tribes.

129.   The allegations in Paragraph 129 are vague, and therefore they are denied.

130.   The allegations in the first sentence of Paragraph 130 are vague, and therefore they are denied.  The allegations in the second, third, fourth, and fifth sentences of Paragraph 130 purport to characterize and quote articles, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced articles, they are denied.

131.   Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 131, and therefore they are denied.  The allegations in the second, third, fourth, and fifth sentences of Paragraph 131 purport to characterize articles, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the articles, they are denied.

132.   The allegations in the first sentence of Paragraph 132 are vague and Federal Defendants therefore deny the allegations.  The allegations in the second sentence of Paragraph 132 purport to characterize and quote the 2014 FSEIS, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the 2014 FSEIS, they are denied.

133.   The allegations in Paragraph 133 purport to characterize and quote a court order, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the order, they are denied.

134.   The allegations in the first and second sentencse of Paragraph 134 purport to characterize the 2019 FSEIS which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the 2019 FSEIS, they are denied.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 134, and therefore they are denied.

135.  Federal Defendants admit that the 2019 FSEIS did not, and could not have, considered the potential impacts on oil prices from the COVID-19 pandemic. The remaining allegations in Paragraph 135 are vague and therefore are denied.

136.   Federal Defendants incorporate by reference their responses to the allegations in the preceding paragraphs.

137.   The allegations in Paragraph 137 are legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

138.   The allegations in subparagraph A of Paragraph 138 purport to characterize a federal statute, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.  The allegations in subparagraph B of Paragraph 138 purport to characterize a Supreme Court decision, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the

36

decision, they are denied.  Federal Defendants admit the allegations in the first sentence of subparagraph C.  Federal Defendants deny the allegations in the second sentence of subparagraph C, and aver that the irrigation project's water users have administered the project's operation and maintenance since 2013.  Federal Defendants admit the allegations in subparagraph D of Paragraph 138.  Federal Defendants deny the allegations in the first sentence of subparagraph E and aver that Congress authorized construction of the ASRWSS to provide municipal, residential, and industrial water from the Missouri River to the Reservation residents.  The second sentence of subparagraph E characterizes the Act, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Act, they are denied.

139.   The allegations in Paragraph 139 are legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

140.   Federal Defendants deny the allegations in Paragraph 140.

141.   The allegations in the first sentence of Paragraph 141 purport to characterize the 2019 FSEIS, BLM ROD, and Corps ROD which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the 2019 FSEIS, BLM ROD, and Corps ROD, they are denied.  Federal Defendants admit they relied on the 2019 FSEIS and 2017 Risk

Assessment and deny the remaining allegations in the second sentence of Paragraph 141.

142.   Federal Defendants deny the allegations in the first sentence of Paragraph 142.  The allegations in the second sentence of Paragraph 142 purport to characterize the 2017 Risk Assessment and a federal regulation which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the 2017 Risk Assessment and federal regulation, they are denied.   The allegations in the third and fourth sentences of Paragraph 142 purport to characterize federal regulations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the federal regulations, they are denied.

143.   The allegations in the first and second sentences of Paragraph 143 purport to characterize federal regulations which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the federal regulations, they are denied.  Federal Defendants deny the allegations in the third sentence of Paragraph 143.

144.  The allegations in the first sentence of Paragraph 144 are vague and therefore are denied.  The allegations in the second sentence of Paragraph 144 purport to characterize the Tribes' comments on the 2019 DSEIS and the 2019 FSEIS, which speak for themselves and are the best evidence of their content; to

the extent the allegations are inconsistent with the Tribes' comments on the 2019

DSEIS and the 2019 FSEIS, they are denied.

145.   The allegations in Paragraph 145 purport to characterize the 2017

Risk Assessment which speaks for itself and is the best evidence of its content; to

the extent the allegations are inconsistent with the 2017 Risk Assessment, they are

denied.

146.   Federal Defendants deny the allegations in the first, fourth, fifth, and

seventh sentences of Paragraph 146.  The allegations in the second sentence of

Paragraph 146 purport to characterize the Tribes' comments on the 2019 DSEIS

and the 2019 FSEIS, which speak for themselves and are the best evidence of their

content; to the extent the allegations are inconsistent with the Tribes' comments on

the 2019 DSEIS and the 2019 FSEIS, they are denied.  The allegations in the third

sentence of Paragraph 146 purport to characterize the BLM ROD, which speaks for

itself and is the best evidence of its content; to the extent the allegations are

inconsistent with the BLM ROD, they are denied.  Federal Defendants admit the

allegations in the sixth sentence of Paragraph 146.

147.   Federal Defendants deny the allegations in Paragraph 147.

148.   The allegations in the first sentence of Paragraph 148 purport to

characterize the 2019 FSEIS and BLM ROD, which speak for themselves and are

the best evidence of their content; to the extent the allegations are inconsistent with

the 2019 FSEIS and BLM ROD, they are denied.  Federal Defendants deny the

allegations in the second sentence of Paragraph 148.

149.   Federal Defendants deny the allegations in Paragraph 149.

150.   Federal Defendants deny the allegations in Paragraph 150.

151.   Federal Defendants deny the allegations in Paragraph 151.

152.   Federal Defendants deny the allegations in Paragraph 152.

153.   Federal Defendants deny the allegations in Paragraph 153.

154.   Federal Defendants incorporate by reference their responses to the

allegations in the preceding paragraphs.

155.   The allegations in Paragraph 155 purport to characterize court

opinions, Executive Order 12898, and CEQ guidance which speak for themselves

and are the best evidence of their content; to the extent the allegations are

inconsistent with the opinions, Executive Order, and CEQ Guidance, they are

denied.

156.   The allegations in the first sentence assert legal conclusions to which

no response is required; to the extent a response is required, Federal Defendants

deny the allegations.  The allegations in the second sentence Paragraph 156 purport

to characterize CEQ Guidance which speaks for itself and is the best evidence of

its content; to the extent the allegations are inconsistent with CEQ Guidance, they

are denied.

157.   Federal Defendants deny the allegations in the first sentence of Paragraph 157.  The allegations in the second and third sentences of Paragraph 157 purport to characterize the 2019 FSEIS, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the 2019 FSEIS, they are denied.

158.   The allegations in the first sentence of Paragraph 158 purport to characterize the 2019 FSEIS which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the 2019 FSEIS, they are denied.  Defendants deny the allegations in the second sentence of Paragraph 158.

159.   Federal Defendants deny the allegations in the first, second and sixth sentences of Paragraph 159.  The allegations in the third and fourth sentences of Paragraph 159 purport to characterize the 2019 FSEIS which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the 2019 FSEIS, they are denied.  Federal Defendants deny the allegations in the fifth sentence of Paragraph 159.

160.   Federal Defendants deny the allegations in the first sentence of Paragraph 160.  The allegations in the second sentence of Paragraph 160 purport to characterize and quote the BLM ROD, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the BLM ROD, they are denied.

161.   Federal Defendants deny the allegations in the first sentence of Paragraph 161.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 161, and therefore they are denied.

162.   Federal Defendants deny the allegations in Paragraph 162.

163.   Federal Defendants incorporate by reference their responses to the allegations in the preceding paragraphs.

164.   The allegations in Paragraph 167 are legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

165.   Federal Defendants deny the allegations in the first, second, and fourth sentences of Paragraph 165.  The allegations in the third and fifth sentences of Paragraph 165 purport to characterize the 2019 FSEIS and 2014 FSEIS, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the 2019 FSEIS and 2014 FSEIS, they are denied.

166.   The allegations in the first and second sentences of Paragraph 166 purport to characterize and quote the Corps ROD, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Corps ROD, they are denied.  The allegations in the third sentence of Paragraph 166 purport to characterize the 2014 FSEIS, which speaks for itself and is the best

evidence of its content; to the extent the allegations are inconsistent with the 2014 FSEIS, they are denied.  The allegations in the fourth sentence of Paragraph 166 purport to characterize the Tribes' comments which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Tribes' comments, they are denied.  Federal Defendants deny the allegations in the fifth sentence of Paragraph 166.  The allegations in the sixth sentence of Paragraph 166 purport to characterize the 2014 FSEIS and federal reglations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the 2014 FSEIS and federal regulations, they are denied.

167.   The allegations in the first and second sentences of Paragraph 167 purport to characterize the Corps ROD and BLM ROD, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Corps ROD and BLM ROD, they are denied.  The allegations in the third sentence of Paragraph 167 are legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

168.   Federal Defendants deny the allegations in Paragraph 168.

169.   Federal Defendants deny the allegations in Paragraph 169.

170.   Federal Defendants deny the allegations in Paragraph 170.

171.   Federal Defendants deny the allegations in Paragraph 171.

172.   The allegations in Paragraph 172 are legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

173.   Federal Defendants deny the allegations in Paragraph 173.

174.   Federal Defendants deny the allegations in Paragraph 174.

175.   Federal Defendants deny the allegations in Paragraph 175.

176.   The allegations in Paragraph 176 are legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

177.   Federal Defendants admit the allegations in the first sentence of Paragraph 177.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentences of Paragraph 177, and therefore they are denied.

178.   Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178, and therefore they are denied.

179.   The allegations in the first sentence of Paragraph 179 purport to characterize a request from the Tribes which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the

Tribes' request, they are denied.  The allegations in the second sentence of Paragraph 179 purport to characterize the 2019 FSEIS and 2014 FSEIS, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with Tribes' request, they are denied. The allegations in the third sentence of Paragraph 179 purport to characterize Colonel Hudson's May 14, 2020 reply, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with Colonel Hudson's May 14, 2020 reply, they are denied.  Federal Defendants deny the allegations in the  fourth sentence of Parargaph 179.

180.   Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180, and therefore they are denied.

181.   The allegations in the first sentence of Paragraph 181 are vague and therefore are denied.  The allegations in the second sentence of Paragraph 181 purport to characterize the 2019 FSEIS, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the 2019 FSEIS, they are denied.  Federal Defendants admit the allegations in the third sentence of Paragraph 181.  Federal Defendants deny the allegations in the fourth sentence of Paragraph 181.

182.   Federal Defendants deny the allegations in Paragraph 182.

183.   Fedearal Defendants incorporate by reference their responses to the allegations in the preceding paragraphs.

184.   The allegations in Paragraph 184 are legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

185.   The allegations in Paragraph 185 are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

186.   The allegations in the first sentence of Paragraph 186 are legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.  The remaining allegations in Paragraph 186 purport to characterize the 2000 Act, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the 2000 Act, they are denied.

187.   The allegations in the first sentence of Paragraph 187 are legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.  Federal Defendants deny the allegations in the second, third, fourth, fifth, and sixth sentence of Paragraph 187.

188.   Federal Defendants deny the allegations in Paragraph 188.

189.   Federal Defendants incorporate by reference their responses to the allegations in the preceding paragraphs.

190.   The allegations in the first sentence of Paragraph 190 are legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.  The allegations in the second, third, and fourth sentences of Paragraph 190 purport to characterize and quote the 1908 Act and 1887 Act, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the 1908 Act and 1887 Act, they are denied.

191.   The allegations in Paragraph 191 purport to characterize and quote the 1908 Act, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the 1908 Act, they are denied.

192.   The allegations in Paragraph 192 purport to characterize and quote the 1908 Act, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the 1908 Act, they are denied.

193.   Federal Defendants admit the allegations in the first sentence of Paragraph 193.  The allegations in the second sentence of Paragraph 193 purport to characterize and quote the Fort Peck-Montana Compact, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Compact, they are denied.

194.   Federal Defendants deny the allegations in Paragraph 194 and aver that the United States exercised management of the Fort Peck Irrigation Project until 2013 when the project's water users took over operation and maintenance of the project.

195.   The allegations in the first sentence of Paragraph 195 are legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.  Federal Defendants deny the allegations in the second, third, fourth, fifth, and sixth sentence in Paragraph 195.

196.   Federal Defendants deny the allegations in Paragraph 196.

197.   Federal Defendants incorporate by reference their responses to the allegations in the preceding paragraphs.

198.   The allegations in Paragraph 198 purport to characterize and quote a federal statute, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

199.   The allegations in Paragraph 199 purport to characterize a federal regulation and Engineering Circular 1165-2-220, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the regulation and Engineering Circular, they are denied.

200.   The allegations in the first sentence of Paragraph 200 are legal conclusions to which no response is required; to the extent a response is required,

48

Federal Defendants deny the allegations.  The allegations in the second sentence of Paragraph 200 purport the charterize a federal regulation, statute and an agency policy, which speak for themselves and are the best evidence of their contents; to the exent the allegations are inconsinent with the referenced documents, they are denied.

201.   The allegations in the first sentence, the first clause of the second sentence and fourth sentence of Paragraph 201 purport to characterize and quote the Corps ROD which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with Corps ROD, they are denied. Federal Defendants deny the allegations in the second clause of the second sentence, and the third, and fifth sentences of Paragraph 201.

202.   Federal Defendants deny the allegations in Paragraph 202.

203.   Federal Defendants deny the allegations in Paragraph 203.

204.   Fedearal Defendants incorporate by reference their responses to the allegations in the preceding paragraphs.

205.   The allegations in Paragraph 205 purport to characterize a federal statute, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

206.   Federal Defendants deny the allegations in the first sentence of Paragraph 206.  Federal Defendants admit that BLM relied on the 2011 FEIS, 2014

FSEIS, and 2019 FSEIS and deny the remaining allegations in the second sentence of Paragraph 206.

207.   Federal Defendants deny the allegations in Paragraph 207.

208.   The allegations in Paragraph 208 purrport to chracterize the BLM right of way, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the BLM right of way, they are denied.

209.   Federal Defendants deny the allegations in Paragraph 209.

## REQUEST FOR RELIEF

The remainder of the Complaint constitutes the Plaintiffs' request for relief, to which no response is required. To the extent a further response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Federal Defendants deny any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE AND OTHER DEFENSES

Federal Defendants assert the following defenses to the claims made in Plaintiffs' Complaint:

1.  The Court lacks subject matter jurisdiction over some or all of Plaintiffs'

50

claims.

2. Some or all of Plaintiffs' claims fail to state a claim upon which relief can be granted.

WHEREFORE, Federal Defendants request that the Court dismiss the Complaint in its entirety, render judgment for Federal Defendants and against Plaintiffs, and grant Federal Defendants any further relief that the nature of the case and justice require.

Respectfully submitted this 3rd day of August, 2020,

>MARK STEGER SMITH
>Assistant U.S. Attorney
>U.S. Attorney's Office
>2601 Second Avenue North, Suite 3200
>Billings, MT 59101
>Ph: (406) 247-4667; Fax: (406) 657-6058
>mark.smith3@usdoj.gov
>
>JEAN E. WILLAIMS
>Deputy Assistant Attorney General
>
>*/s/ Marissa A. Piropato*
>MARISSA A. PIROPATO (MA Bar 651630)
>LUTHER L. HAJEK (CO Bar 44303)
>United States Department of Justice
>Environment and Natural Resources Division
>999 18th Street, South Terrace, Suite 370
>Denver, CO 80202
>Ph: (303) 844-1376; Fax: (303) 844-1350
>luke.hajek@usdoj.gov
>
>*Attorneys for Federal Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2020, a copy of the foregoing Federal

Defendants' Answer to Plaintiffs' Complaint for Declaratory and Injunctive Relief

was served on all counsel of record via the Court's CM/ECF system.

*/s/ Marissa Piropato*
MARISSA A. PIROPATO
U.S. Department of Justice