Jeffery J. Oven
Mark L. Stermitz
Jeffrey M. Roth
CROWLEY FLECK PLLP
490 North 31st Street, Ste. 500
P.O. Box 2529
Billings, MT  59103-2529
Telephone: 406-252-3441
Email: joven@crowleyfleck.com
        mstermitz@crowleyfleck.com
        jroth@crowleyfleck.com

Peter C. Whitfield (PHV forthcoming)
Kathleen Mueller (PHV forthcoming)
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC  20005
Telephone: 202-736-8000
Email:  pwhitfield@sidley.com
        kmueller@sidley.com

*Counsel for TransCanada Keystone Pipeline, LP and TC Energy Corporation*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| THE ASSINIBOINE AND SIOUX TRIBES OF THE FORT PECK INIDAN RESERAVATION, <br><br> Plaintiffs, <br><br> vs. <br><br> The U.S. DEPARTMENT OF THE INTERIOR; DAVID BERNHARDT, in his official capacity as Secretary of the Interior; the BUREAU OF LAND MANAGEMENT; JOHN MEHLHOFF, in his official capacity as the State Director of the Montana/Dakotas State Office of the Bureau of Land Management; the U.S. ARMY CORPS OF ENGINEERS; RYAN MCCARTHY; in his official capacity as Secretary of the Army; COLONEL JOHN L. HUDSON, P.E., in his official capacity as District Commander of | CV 20-44-GF-BMM-JTJ <br><br> **ANSWER BY TRANSCANADA KEYSTONE PIPELINE, LP AND TC ENERGY CORPORATION** |

the U.S. Army Corps of Engineers - Omaha
District,

                              Defendants.

TransCanada Keystone Pipeline, LP ("Keystone") and TC Energy Corporation (collectively "TC Energy") hereby answer the Complaint submitted by the Assiniboine and Sioux Tribes of the Fort Peck Indian Reservation ("Plaintiffs"). TC Energy provides its responses in the numbered paragraphs below, which correspond to the numbered paragraphs in the Complaint. In the responses below, TC Energy replicates the headings from Plaintiffs' Complaint. TC Energy's duplication of these headings does not constitute an admission or response regarding any allegation contained in the headings.

## I. INTRODUCTION

1.    The allegations in the first and third sentences of this paragraph constitute Plaintiffs' characterization of their complaint, to which no response is required. To the extent a responsive pleading is necessary, TC Energy denies the allegations in the first and third sentences. Regarding the second sentence of this paragraph, TC Energy admits that the Keystone XL pipeline would transport crude oil from Alberta, Canada across certain federal land in Montana to Steele City, Nebraska and denies all remaining allegations.

2.    TC Energy denies the allegations in the first sentence of this paragraph as vague. TC Energy is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

3.     The allegations in the first sentence of this paragraph constitute Plaintiffs' characterization of their complaint, to which no response is required. Regarding the second sentence of this paragraph, TC Energy admits that it received authorization from the Bureau of Land Management (BLM) and U.S. Army Corps of Engineers (Corps) to construct the Keystone XL pipeline under the Milk and Missouri Rivers in northeastern Montana and denies the remaining allegations.

4.     TC Energy is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

5.     TC Energy is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

6.     TC Energy admits that the closest point from Keystone XL to the Reservation boundary is 0.25 miles and denies the remaining allegations in this paragraph.

7.     TransCanada denies the allegations in this paragraph.

8.     TC Energy admits that the BLM and Corps relied on a Final Supplemental Environmental Impact Statement issued in December 2019 ("2019 FSEIS"), a Final Supplemental Environmental Impact Statement from January 2014 ("2014 FSEIS") is granting authorizations for Keystone XL and denies the remaining allegations in this paragraph.

9.     TransCanada denies the allegations in this paragraph.

## II. JURISDICTION AND VENUE

10.     The claims in this paragraph constitute legal conclusions, to which no response is required. TC Energy denies Plaintiffs' claim that this Court has jurisdiction.

11.     TC Energy admits that venue is proper in this court.

## III. PARTIES

12.     The allegations in this paragraph purport to characterize the Federal Register, which speaks for itself and is the best evidence of its contents.

13.     TC Energy admits the allegations in this paragraph.

14.     TC Energy admits the allegations in this paragraph.

15.     TC Energy admits the allegations in this paragraph.

16.     TC Energy admits the allegations in this paragraph.

17.     TC Energy admits the allegations in this paragraph.

18.     TC Energy admits the allegations in this paragraph.

19.     TC Energy admits the allegations in this paragraph.

20.     TC Energy admits the allegations in this paragraph.

## IV. FACTS AND ALLEGATIONS

### A. History of the Tribes and Establishment of the Fort Peck Reservation

21.     TC Energy is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

5

22.     The allegations in the first sentence of this paragraph purport to characterize the Act of April 15, 1874, ch. 96, 18 Stat. 28, 28-29 ("1874 Act"), which speaks for itself and is the best evidence of its contents. TC Energy is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

23.     The allegations in this paragraph purport to characterize various Congressional acts and agreements, which speak for themselves and are the best evidence of their contents.

24.     The allegations in the first and second sentences of this paragraph purport to characterize the 1888 Act, which speaks for itself and is the best evidence of its content.  TC Energy denies the allegations in the third sentence of this paragraph.

25.     TC Energy is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

26.     The allegations in the first sentence of this paragraph purport to characterize Supreme Court decisions in *Menominee Tribe of Indians v. United States*, 391 U.S. 404 (1968) and *United States v. Dion*, 476 U.S. 734 (1986), which speak for themselves and are the best evidence of their contents. TC Energy is without knowledge or information sufficient to admit or deny the allegations in the remaining sentences of this paragraph.

6

## B. The Development of Water Projects on the Reservation.

27.     TC Energy is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

28.     The allegations in this paragraph purport to characterize the Supreme Court's decision in *Winters v. United States*, 207 U.S. 564 (1908) and the 1888 Act, which speak for themselves and are the best evidence of their content.

29.     The allegations in the first sentence of this paragraph purport to characterize the Act of May 30, 1908, ch. 237, § 2, 35 Stat. 558, 558 ("1908 Act"), which speaks for itself and is the best evidence of its content. TC Energy is without knowledge or information sufficient to admit or deny the allegations in the second, fourth, and fifth sentences of this paragraph. The allegations in the third sentence of this paragraph purport to characterize the Act of Aug. 24, 1912, ch. 388, § 10, 37 Stat. 518, 526 and Act of June 30, 1913, ch. 4, § 10, 38 Stat. 77, 90, which speak for themselves and are the best evidence of their content.

30.     Regarding the allegations in the first sentence of this paragraph, TC Energy avers that the Wiota and Frazer intakes are located approximately 10.2 and 24.7 miles, respectively, from the Pipeline's proposed crossing. TC Energy is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

31.     The allegations in this paragraph purport to characterize the Fort-Peck-Montana Water Compact (Compact), which speaks for itself and is the best evidence of its content.

32.     The allegations in this paragraph purport to characterize the Fort-Peck-Montana Water Compact, which speaks for itself and is the best evidence of its content.

33.     The allegations in this paragraph purport to characterize the Fort Peck Reservation Rural Water System Act of 2000, Pub. L. No. 106-382, 114 Stat. 1451 ("2000 Act"), which speaks for itself and is the best evidence of its content.

34.     The allegations in the first and second sentences of this paragraph purport to characterize the 2000 Act, which speaks for itself and is the best evidence of its content.  TC Energy is without knowledge or information sufficient to admit or deny the allegations in the third sentence of this paragraph.

35.     TC Energy is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

36.     TC Energy admits the allegations in the first sentence of this paragraph. TC Energy is without knowledge or information sufficient to admit or deny the allegations in the remaining sentences of this paragraph.

37.     TC Energy is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

C. The Proposed Pipeline

38.    Regarding the allegations in the first sentence of this paragraph, TC Energy admits that TransCanada Keystone Pipeline, LP is a Delaware limited partnership wholly owned by TransCanada Keystone Pipeline LLC and TransCanada Keystone Pipeline GP, LLP, which are wholly owned subsidiaries of TC Energy Corporation, a Canadian public company organized under the laws of Canada, and denies the remaining allegations. Regarding the allegations in the second sentence of this paragraph, TC Energy admits that TransCanada Keystone Pipeline, LP operates as an oil and gas transportation company and denies the remaining allegations. Regarding the allegations in the third and fourth sentences of this paragraph, TC Energy admits that TC Energy Corporation is a Canadian public company headquartered in Calgary, Alberta, Canada and organized under the laws of Canada, which owns TransCanada Keystone Pipeline, L.P. and denies the remaining allegations.  The allegations in the fourth sentence of this paragraph purport to characterize Plaintiffs' complaint to which no response is necessary.

39.    TC Energy admits the allegations in this paragraph.

40.    Regarding the allegations in the first sentence, TC Energy avers that the construction easement is 85 feet wide in certain areas and 110 feet wide in other areas. TC Energy admits the allegations in the second sentence of this paragraph.

41.    TC Energy admits the allegations in this paragraph.

42.    Regarding the first sentence of this paragraph, TC Energy admits Keystone XL will transport dilbit and denies the remaining allegations. Regarding the allegations in the second sentence of this paragraph, TC Energy admits that bitumen is one of the most dense and viscous types of crude oil and that diluent is added to it in order to transport the material by pipeline, and denies the remaining allegations. Regarding the allegations in the third sentence of this paragraph, TC Energy admits that dilbit has different properties than other oils and denies the remaining allegations.

43.    TC Energy admits the allegations in the first and third sentences of this paragraph. Regarding the allegations in the second sentence, TC Energy admits that during weathering, the volatile constituents of dilbit evaporate and the heavy compounds remain, and denies the remaining allegations. Regarding the allegations in the fourth sentence, TC Energy admits that if heavy compounds sink that they may adhere to sediment or other particles within the water column, and denies all remaining allegations. The allegations in the fifth sentence of this paragraph purport to characterize the 2019 Final Supplemental Environmental Impact Statement (2019 FSEIS), which speaks for itself and is the best evidence of its content.

44.     TC Energy admits the allegations in the first sentence this paragraph. Regarding the second sentence, TC Energy admits that removing sunken bitumen can be more challenging than removing lighter oil, and denies the remaining allegations. Regarding the third sentence, TC Energy admits that bitumen has a slower rate of degradation than other oils and could persist in the environment longer than other oils, and denies the remaining allegations. Regarding the fourth sentence, TC Energy admits that a release of dilbit into the Missouri River would likely remain there unless it is removed, and denies the remaining allegations.

45.     Regarding the allegations in the first sentence of this paragraph, TC Energy avers that the Pipeline would cross the Milk River approximately nine miles upstream from the western boundary of the Reservation and approximately twenty-eight river miles upstream from where the Milk River flows into the Missouri River on the Reservation. TC Energy admits the allegations in the second sentence of this paragraph. TC Energy denies the allegations in the third sentence of this paragraph.

D. The Law Applicable to the Proposed Pipeline

46.     The allegations in the first through sixth sentences of this paragraph purport to characterize the Pipeline and Hazardous Materials Safety Administration (PHMSA) regulations and the Hazardous Liquid Pipeline Safety Act, which speak

11

for themselves and are the best evidence of their contents. The allegations in the

seven sentence of this paragraph constitute legal conclusions to which no response

is necessary.

47.     TC Energy admits the allegations in the first, second, and third

sentences of this paragraph. The allegations in the fourth sentence of this paragraph

purport to characterize the BLM Record of Decision (ROD) and federal

regulations, which speak for themselves and are the best evidence of their content.

48.     The allegations in this paragraph purport to characterize the Mineral

Leasing Act (MLA) and its implementing regulations, which speak for themselves

and are the best evidence of their content.

49.     The allegations in this paragraph purport to characterize the MLA,

which speaks for itself and is the best evidence of its content.

50.     The allegations in this paragraph purport to characterize the MLA,

which speaks for itself and is the best evidence of its content.

51.     The allegations in this paragraph purport to characterize the MLA and

its implementing regulations, which speak for themselves and are the best evidence

of their content.

52.     The allegations in this paragraph purport to characterize the MLA

implementing regulations and BLM ROD, which speak for themselves and are the

best evidence of their content.

53.    TC Energy admits the allegations in the first sentence of this paragraph. The second and third sentences of this paragraph purport to characterize the Rivers and Harbors Act (RHA), which speaks for itself and is the best evidence of its content.

54.    The allegations in this paragraph purport to characterize Department of the Army regulations, which speak for themselves and are the best evidence of their contents.

55.    The allegations in this paragraph purport to characterize Department of the Army regulations, which speak for themselves and are the best evidence of their contents.

56.    The allegations in this paragraph purport to characterize Circular No. 1165-2-220 (Sept. 10, 2018) and the BLM ROD, which speak for themselves and are the best evidence of their content.

57.    The allegations in this paragraph constitute legal conclusions to which no response is required.

58.    The allegations in this paragraph purport to characterize the National Environmental Policy Act (NEPA) and Supreme Court decisions, which speak for themselves and are the best evidence of their content.

59.     The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their content.

60.     The allegations in this paragraph purport to characterize NEPA regulations and Circular No. 1165-2-220 and NEPA regulations, which speak for themselves and are the best evidence of their content.

61.     The allegations in this paragraph purport to characterize NEPA regulations, which speak for themselves and are the best evidence of their content.

62.     The allegations in this paragraph purport to characterize NEPA regulations, which speak for themselves and are the best evidence of their content.

63.     The allegations in this paragraph purport to characterize NEPA regulations and various court decisions, which speak for themselves and are the best evidence of their content.

64.     The allegations in this paragraph purport to characterize NEPA regulations, which speak for themselves and are the best evidence of their content.

65.     The allegations in this paragraph purport to characterize NEPA regulations, which speak for themselves and are the best evidence of their content.

66.     The allegations in this paragraph purport to characterize Executive Order 12898, which speaks for itself and is the best evidence of its content.

67.     The allegations in this paragraph purport to characterize Council on Environmental Quality (CEQ) guidance, which speaks for itself and is the best evidence of its content.

68.     The allegations in this paragraph purport to characterize CEQ guidance, which speaks for itself and is the best evidence of its content.

69.     The allegations in this paragraph purport to characterize CEQ guidance, which speaks for itself and is the best evidence of its content.

70.     The allegations in this paragraph purport to characterize CEQ guidance, which speaks for itself and is the best evidence of its content.

71.     The allegations in this paragraph purport to characterize various court decisions, which speak for themselves and are the best evidence of their content.

72.     The allegations in this paragraph purport to characterize the American Indian Agricultural Resource Management Act of 1993, which speaks for itself and is the best evidence of its content.

73.     The allegations in the first sentence of this paragraph purport to characterize the American Indian Religious Freedom Act (AIRFA), which speaks for itself and is the best evidence of its content. The allegations in the second and third sentences purport to characterize the BLM and Department of Defense AIRFA policies, which speak for themselves and are the best evidence of their content.

E. The Agency Proceedings on TransCanada's Permits.

74.     The allegations in the first sentence of this paragraph purport to characterize the 2014 FSEIS and 2019 FSEIS, which speak for themselves and are the best evidence of their content. The allegations in the second sentence of this paragraph purport to characterize the BLM and Corps RODs, which speak for themselves and are the best evidence of their content.

75.     TC Energy admits the allegations in this paragraph.

76.     TC Energy admits the allegations in this paragraph.

77.     The allegations in this paragraph purport to characterize decisions by the Department of State (State) and NEPA regulations, which speak for themselves and are the best evidence of their content.

78.     TC Energy admits the allegations in the first sentence of this paragraph.  The allegations in the second and third sentence of this paragraph purport to characterize the Temporary Payroll Tax Cut Continuation Act of 2011 and a Federal Register notice, which speak for themselves and are the best evidence of their content.

79.     TC Energy admits the allegations in this paragraph.

80.     TC Energy admits the allegations in the first and third sentences of this paragraph. The remaining allegations in this paragraph purport to characterize the 2014 FSEIS, which speaks for itself and is the best evidence of its content.

81.    The allegations in the first and fourth sentences of this paragraph purport to characterize the 2014 FSEIS, which speaks for itself and is the best evidence of its content. The allegations in this paragraph purport to characterize the Exponent Report, which speaks for itself and is the best evidence of its content. TC Energy denies the allegations in the third sentence of this paragraph. The allegations in this paragraph purport to characterize public comment from the Plaintiffs on the 2014 FSEIS, which speaks for itself and is the best evidence of its content.

82.    The allegations in the first sentence of this paragraph purport to characterize a 2015 decision on the Keystone XL Presidential Permit application, which speaks for itself and is the best evidence of its content. TC Energy admits the allegations in the second sentence of this paragraph.

83.    TC Energy admits the allegations in the first and third sentences of this paragraph. The allegations in the second sentence of this paragraph purport to characterize a Presidential memorandum, which speaks for itself and is the best evidence of its content. TC Energy admits the allegations in the third sentence of this paragraph.

84.    TC Energy admits the allegations in the first and second sentences of this paragraph. TC Energy is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

85.    The allegations in this paragraph purport to characterize the 2017 Presidential Permit for Keystone XL, a complaint challenging that permit, and a decision by the court in *Indigenous Envtl. Network v. U.S. Dep't of State*, 347 F. Supp. 3d 561 (D. Mont. 2018), which speak for themselves and are the best evidence of their content.

86.    TC Energy admits the allegations in this paragraph.

87.    TC Energy admits the allegations in this paragraph.

88.    The allegations in this paragraph purport to characterize Plaintiffs' comments on the 2019 FSEIS, which speak for themselves and are the best evidence of their contents.

89.    The allegations in this paragraph purport to characterize Plaintiffs' comments on the 2019 FSEIS, which speak for themselves and are the best evidence of their contents.

90.    The allegations in the first, third, and fourth sentences of this paragraph purport to characterize Plaintiffs' comments on the 2019 FSEIS, which speak for themselves and are the best evidence of their contents. TC Energy denies the allegations in the second sentence of this paragraph.

91.    The allegations in this paragraph purport to characterize the 2019 FSEIS, which speaks for itself and is the best evidence of its content.

92.    TC Energy denies the allegations in this paragraph.

93.    The allegations in this paragraph purport to characterize Plaintiffs' comments on the 2019 FSEIS and the 2019 FSEIS, which speak for themselves and are the best evidence of their contents.

94.    The allegations in this paragraph purport to characterize the 2014 FSEIS and 2019 FSEIS, which speak for themselves and are the best evidence of their contents.

95.    The allegations in this paragraph purport to characterize Plaintiffs' comments on the 2019 FSEIS and the 2019 FSEIS, which speak for themselves and are the best evidence of their contents.

96.    The allegations in this paragraph purport to characterize the 2019 FSEIS, which speaks for itself and is the best evidence of its content.

97.    TC Energy denies the allegations in the first and third sentences of this paragraph. The allegations in the second sentence of this paragraph purport to characterize the 2019 FSEIS, which speaks for itself and is the best evidence of its content.

98.    TC Energy denies the allegations in the first and second sentences of this paragraph. The remaining allegations in this paragraph purport to characterize the 2019 FSEIS, which speaks for itself and is the best evidence of its content.

99.    The allegations in this paragraph purport to characterize comments by the U.S. Environmental Protection Agency ("EPA") and the 2019 FSEIS, which speak for themselves and are the best evidence of their content.

100.   The allegations in this paragraph purport to characterize the 2019 FSEIS, which speaks for itself and is the best evidence of its content. TC Energy denies that the 2019 FSEIS is deficient under NEPA or the United States' trust responsibility to Plaintiffs.

101.   TC Energy denies the allegations in the first sentence of this paragraph. TC Energy is without knowledge or information sufficient to admit or deny the allegations in the second and third sentences of this paragraph.

102.   The allegations in this paragraph purport to characterize the 2019 FSEIS, which speaks for itself and is the best evidence of its content.

103.   The allegations in this paragraph purport to characterize the 2017 Risk Assessment, federal regulations and Plaintiffs' comments on the 2019 FSEIS, which speak for themselves and are the best evidence of their contents. TC Energy denies that the analysis in the 2019 FSEIS is legally deficient.

104.   The allegations in the first and second sentences of this paragraph purport to characterize the 2017 Risk Assessment, which speaks for itself and is the best evidence of its content. The allegations in the third sentence of this paragraph are vague and TC Energy denies them on that basis.

105.   The allegations in this paragraph purport to characterize the 2017 Risk Assessment and PHMSA regulations, which speak for themselves and are the best evidence of their content.

106.   The allegations in the first and second sentences of this paragraph purport to characterize the 2017 Risk Assessment, which speaks for itself and is the best evidence of its content. The allegations in the third sentence of this paragraph purport to characterize a PHMSA dataset, which speaks for itself and is the best evidence of its content.  TC Energy denies the allegations in the fourth sentence of this paragraph.

107.   The allegations in the first and second sentences of this paragraph are vague and TC Energy denies them on that basis.  TC Energy denies the allegations in the third, fourth, fifth and sixth sentences of this paragraph.

108.   The allegations in the first sentence of this paragraph constitute legal conclusions to which no response is required.  The allegations in the second sentence of this paragraph purport to characterize the 2019 FSEIS, which speaks for itself and is the best evidence of its content.

109.   TC Energy denies the allegations in the first, second, and third sentences of this paragraph. TC Energy is without knowledge or information sufficient to admit or deny the allegations in the fourth, fifth, and sixth sentences

this paragraph. The allegations in the seventh and eighth sentences of this paragraph constitute legal conclusions to which no response is required.

110.   The allegations in this paragraph purport to characterize the 2019 FSEIS, which speaks for itself and is the best evidence of its content.  TC Energy denies that the 2019 FSEIS is legally deficient or that the BLM and Corps violated NEPA.

111.   TC Energy admits the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph purport to characterize the BLM ROM, which speaks for itself and is the best evidence of its content.  TC Energy denies that BLM violated NEPA.

112.   The allegations in this paragraph purport to characterize the BLM ROD, which speaks for itself and is the best evidence of its content. TC Energy denies the allegations in the fifth sentence of this paragraph.

113.   TC Energy admits the allegations in the first sentence of this paragraph. TC Energy is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

114.   The allegations in this paragraph purport to characterize the Corps ROD, which speaks for itself and is the best evidence of its content.

115.   The allegations in this paragraph purport to characterize the Corps ROD, which speaks for itself and is the best evidence of its content.

116.   The allegations in the first, second, third, and fourth sentences of this paragraph purport to characterize the Corps ROD and 2019 FSIES, which speak for themselves and are the best evidence of their content.  TC Energy denies the allegations in the fifth sentence of this paragraph.

117.   The allegations in the first sentence of this paragraph purport to characterize the BLM ROD and Corps ROD, which speak for themselves and are the best evidence of their content. TC Energy denies the allegations in the second sentence of this paragraph.

118.   TC Energy denies the allegations in this paragraph.

119.   TC Energy admits the allegations in this paragraph.

120.   TC Energy admits the allegations in the first, second, and third sentences of this paragraph. TC Energy is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

121.   The allegations in this paragraph purport to characterize public health guidelines and articles published by the Centers for Disease Control and Prevention (CDC), which speak for themselves and are the best evidence of their contents.

122.   The allegations in this paragraph purport to characterize articles published by the CDC, which speak for themselves and are the best evidence of their contents.

123.   TC Energy is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

124.   TC Energy is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

125.   The allegations in the first and second sentences of this paragraph purport to characterize emergency declarations by President Trump and Governor Bullock, which speak for themselves and are the best evidence of their content. TC Energy is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

126.   TC Energy admits the allegations in the first and fourth sentences of this paragraph. The allegations in the second and third sentences of this paragraph purport to characterize news articles, which speak for themselves and are the best evidence of their content.

127.   TC Energy is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

128.   TC Energy is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

129.   The allegations in this paragraph purport to characterize a news article, which speaks for itself and is the best evidence of its content.

130.   TC Energy admits the allegations in the first sentence of this paragraph. The allegations in this paragraph purport to characterize various news articles, which speak for themselves and are the best evidence of their contents.

131.   TC Energy is without knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second, third, fourth and fifth sentences of this paragraph purport to characterize various publications which speak for themselves and are the best evidence of their content.

132.   Regarding the allegations in the first sentence, TC Energy admits the 2014 and 2019 FSEIS did not address impacts of COVID-19, and denies the remaining allegations. The allegations in this paragraph purport to characterize the 2014 FSEIS, which speaks for itself and is the best evidence of its content.

133.   The allegations in this paragraph purport to characterize an order from this court, which speaks for itself and is the best evidence of its content.

134.   The allegations in the first and second sentences of this paragraph purport to characterize the 2019 FSEIS, which speaks for itself and is the best evidence of its content. The allegations in the third sentence are vague and TC Energy denies them on that basis.

135.   TC Energy admits that the 2019 FSEIS did not analyze potential

impacts to oil prices from COVID-19 and denies the remaining allegations in this

paragraph.

## COUNT I

**Defendants' Analysis of Environmental Effects on the Tribes of the Pipeline's
Proposed Missouri and Milk River Crossings Is Arbitrary and Capricious in
Violation of NEPA, the United States' Trust Responsibility to the Tribes, and
the APA**

136.   TC Energy incorporates by reference its foregoing answers to all

foregoing paragraphs of the Complaint as if fully set forth herein

137.   The allegations in this paragraph constitute legal conclusions to which

no response is required.

138.   TC Energy responds to the items as follows:

A. The allegations purport to characterize the 1888 Act, which speaks for

itself and is the best evidence of its content.

B. The allegations in this paragraph purport to characterize the Supreme

Court's decision in *Winters v. United States*, 207 U.S. 564 (1908),

which speaks for itself and is the best evidence of its content.

C. The allegations in the first sentence of this paragraph purport to

characterize various acts of Congress, which speak for themselves and

are the best evidence of their content. TC Energy is without

knowledge or information sufficient to admit or deny the allegations

in the second sentence of this paragraph.

D. TC Energy is without knowledge or information sufficient to admit or

deny the allegations in the first sentence of this paragraph. The

allegations in the second sentence of this paragraph purport to

characterize the Fort-Peck-Montana Water Compact, which speaks for

itself and is the best evidence of its content.

E. The allegations in this paragraph purport to characterize the 2000 Act,

which speaks for itself and is the best evidence of its content.

139.   The allegations in this paragraph purport to characterize NEPA and its

implementing regulations, which speak for themselves and are the best evidence of

their contents.

140.   TC Energy denies the allegations in this paragraph.

141.   The allegations in the first sentence of this paragraph purport to

characterize the 2019 FSEIS and BLM ROD, which speak for themselves and are

the best evidence of their contents. TC Energy denies the allegations in the second

sentence of this paragraph.

142.   TC Energy denies the allegations in the first sentence of this

paragraph.  The allegations in the second sentence of this paragraph purport to

characterize the 2017 Risk Assessment, which speaks for itself and is the best

evidence of its content. The allegations in the third and fourth sentences of this

paragraph purport to characterize PHMSA regulations, which speak for themselves

and are the best evidence of their content.

143.   The allegations in the first and second sentences of this paragraph

purport to characterize PHMSA regulations, which speak for themselves and are

the best evidence of their content. TC Energy denies the allegations in the third

sentence of this paragraph.

144.   TC Energy denies the allegations in this paragraph.

145.   TC Energy denies the allegations in this paragraph.

146.   TC Energy denies the allegations in the first, second, fourth, fifth,

sixth and seventh sentences of this paragraph. The allegations in the third sentence

this paragraph purport to characterize the BLM ROD, which speaks for itself and is

the best evidence of its content.

147.   TC Energy denies the allegations in this paragraph.

148.   The allegations in the first sentence of this paragraph purport to

characterize the 2019 FSEIS and BLM ROD, which speak for themselves and are

the best evidence of their contents. The allegations in the second sentence are

vague and TC Energy denies them on that basis.

149.   TC Energy denies the allegations in this paragraph.

150.   The allegations in the first sentence of this paragraph purport to characterize the BLM ROD and Corps ROD, which speak for themselves and are the best evidence of their content. TC Energy denies the remaining allegations in this paragraph.

151.   The allegations in the first, second, and third sentences of this paragraph purport to characterize the 2014 FSEIS, 2019 FSEIS and Plaintiffs' comments on the 2019 FSEIS, which speak for themselves and are the best evidence of their contents. TC Energy denies the allegations in the fourth sentence of this paragraph.

152.   TC Energy denies the allegations in this paragraph.

153.   TC Energy denies the allegations in this paragraph.

## COUNT II

### Defendants' Environmental Justice Analysis Is Arbitrary and Capricious in Violation of NEPA and the APA

154.   TC Energy incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

155.   The allegations in this paragraph purport to characterize Executive Order 12898, CEQ guidance and various court decisions, which speak for themselves and are the best evidence of their contents.

156.   The allegations in the first sentence are vague and TC Energy denies them on that basis.  The allegations in the second sentence of this paragraph purport to characterize CEQ guidance, which speaks for itself and is the best evidence of its content.

157.   TC Energy denies the allegations in the first sentence of this paragraph. The remaining allegations in this paragraph purport to characterize the 2019 FSEIS, which speaks for itself and is the best evidence of its content.

158.   The allegations in this paragraph purport to characterize the 2019 FSEIS, which speaks for itself and is the best evidence of its content.

159.   TC Energy denies the allegations in the first, second, fifth and sixth sentences of this paragraph. The allegations in the third and fourth sentences of this paragraph purport to characterize the 2019 FSEIS, which speaks for itself and is the best evidence of its content.

160.   TC Energy denies the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph purport to characterize the BLM ROD, which speaks for itself and is the best evidence of its content.

161.   TC Energy is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

162.   TC Energy denies the allegations in this paragraph.

## COUNT III

### Defendants' Evaluation of Mitigation Measures Is Arbitrary and Capricious in Violation of NEPA and the APA

163.   TC Energy incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

164.   The allegations in this paragraph purport to characterize NEPA, its implementing regulations and court decisions, which speak for themselves and are the best evidence of their contents.

165.   TC Energy denies the allegations in the first, second, fourth and fifth sentences this paragraph. The allegations in the third sentence of this paragraph purport to characterize the 2019 FSEIS, which speaks for itself and is the best evidence of its content.

166.   The allegations in the first, second, and third sentences of this paragraph purport to characterize the BLM ROD and 2014 FSEIS, which speak for themselves and are the best evidence of their contents.  The allegations in the fourth sentence of this paragraph purport to characterize Plaintiffs' comments, which speak for themselves and are the best evidence of their contents.  TC Energy denies the allegations in the fifth and sixth sentences of this paragraph.

167.   The allegations in the first and second sentences of this paragraph purport to characterize the Corps ROD and BLM ROD, which speak for themselves and are the best evidence of their contents.  The allegations in the third

sentence of this paragraph constitute a legal conclusion to which no response is required.

168.   TC Energy denies the allegations in this paragraph.

169.   TC Energy denies the allegations in this paragraph.

170.   TC Energy denies the allegations in this paragraph.

171.   TC Energy denies the allegations in this paragraph.

## COUNT IV

### Defendants' Analysis of Indirect Effects of TransCanada's Construction Activities Is Arbitrary and Capricious in Violation of NEPA and the APA

172.   The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.

173.   TC Energy denies the allegations in this paragraph.

174.   TC Energy denies the allegations in this paragraph.

175.   TC Energy denies the allegations in this paragraph.

## COUNT V

### Defendants' Failure to Supplement the 2014 FSEIS and 2019 FSEIS Is Arbitrary and Capricious in Violation of NEPA and the APA

176.   The allegations in this paragraph purport to characterize NEPA, its implementing regulations and court decisions, which speak for themselves and are the best evidence of their contents.

177.   TC Energy admits the allegations in the first sentence of this paragraph. TC Energy is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

178.   TC Energy admits the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph are vague and TC Energy denies them on that basis. TC Energy denies the allegations in the third sentence of this paragraph.

179.   TC Energy is without knowledge or information sufficient to admit or deny the allegations in the first, second and third sentences of this paragraph. TC Energy denies allegations in the fourth sentence of this paragraph.

180.   The allegations in the first sentence of this paragraph are vague and TC Energy denies them on that basis. TC Energy admits the allegations in the second sentence of this paragraph.  TC Energy is without knowledge or information sufficient to admit or deny the allegations in the third sentence of this paragraph.

181.   TC Energy is without knowledge or information sufficient to admit or deny the allegations in the first and third sentences of this paragraph.  The allegations in the second sentence of this paragraph purport to characterize the 2019 FSIES, which speaks for itself and is the best evidence of its content. TC Energy denies the remaining allegations in this paragraph.

182.   TC Energy denies the allegations in this paragraph.

## COUNT VI

**Defendants Breached the United States' Trust Responsibility to the Tribes to Ensure a Safe and Adequate Water Supply**

183.   TC Energy incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

184.   TC Energy is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

185.   The allegations in the first sentence constitute legal conclusions to which no response is required.  The allegations in the second sentence of this paragraph purport to characterize a Supreme Court decision, which speaks for itself and is the best evidence of its content.

186.   The allegations in this paragraph purport to characterize the 2000 Act, which speaks for itself and is the best evidence of its content.

187.   The allegations in the first sentence constitute legal conclusions to which no response is required.  TC Energy denies the remaining allegations in this paragraph.

188.   TC Energy denies the allegations in this paragraph.

## COUNT VII

### Defendants Breached the United States' Trust Responsibility to the Tribes to Protect the Irrigation Project

189.  TC Energy incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

190.  The allegations in the first sentence constitute legal conclusions to which no response is required.  The remaining allegations purport to characterize the 1908 Act and 1887 Act, which speak for themselves and are the best evidence of their content.

191.  The allegations in this paragraph purport to characterize the 1908 Act, which speaks for itself and is the best evidence of its content.

192.  The allegations in this paragraph purport to characterize the 1908 Act, which speaks for itself and is the best evidence of its content.

193.  TC Energy is without knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph purport to characterize the Fort Peck-Montana Compact, which speaks for itself and is the best evidence of its content.

194.  TC Energy is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

195.  The allegations in the first sentence of this paragraph constitute legal conclusions to which no response is required. TC Energy denies the allegations in

the second, third, and fourth sentences of this paragraph. TC Energy denies the allegations in the fifth and sixth sentences of this paragraph.

196.   TC Energy denies the allegations in this paragraph.

## COUNT VIII

### The Corps' Public Interest Determination was Arbitrary and Capricious

197.   TC Energy incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

198.   The allegations in this paragraph purport to characterize the RHA, which speaks for itself and is the best evidence of its content.

199.   The allegations in this paragraph purport to characterize the Corps' regulations and Circular No. 1165-2-220, which speak for themselves and are the best evidence of their contents.

200.   The allegations in this paragraph purport to characterize the Corps' regulations and policy documents, which speak for themselves and are the best evidence of their contents.

201.   The allegations in the first, second and fourth sentences of this paragraph purport to characterize the BLM ROD and Corps ROD, which speak for themselves and are the best evidence of their contents. TC Energy denies the remaining allegations in this paragraph.

202.   TC Energy denies the allegations in this paragraph.

203.   TC Energy denies the allegations in this paragraph.

## COUNT IX

## BLM's Grant of the ROW was Made in Excess of Statutory Authority

204.   TC Energy incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

205.   The allegations in this paragraph purport to characterize the MLA, which speaks for itself and is the best evidence of its content.

206.   TC Energy denies the allegations in the first sentence of this paragraph. Regarding the second sentence, TC Energy admits that the BLM relied on the 2011 FEIS, 2014 FSEIS and 2019 FSEIS and denies all remaining allegations.

207.   TC Energy denies the allegations in this paragraph.

208.   TC Energy denies the allegations in this paragraph.

209.   TC Energy denies the allegations in this paragraph.

## RELIEF REQUESTED

The remainder of the Complaint constitutes Plaintiffs' request for relief. TC Energy denies that Plaintiffs are entitled to the relief requested or any relief.

## GENERAL DENIAL

TC Energy denies any allegations of the Complaint that are not specifically admitted above.

## AFFIRMATIVE AND OTHER DEFENSES

TC Energy asserts the following defenses to the claims made in the Complaint:

1. The Court lacks subject matter jurisdiction over Plaintiffs' claims.

2. Plaintiffs lack standing to bring their claims.

3. Plaintiffs' claims challenge actions of federal agencies that are not reviewable under the Administrative Procedure Act because they are not "final agency action."

4. Plaintiffs' claims are barred by res judicata and collateral estoppel.

5. Plaintiffs' claims fail to state a claim upon which relief can be granted.

WHEREFORE, TC Energy requests that the Court dismiss the Complaint in its entirety, render judgment for Defendants, and grant Defendants any further relief that the nature of the case and justice may require.

Dated:  August 3, 2020

Respectfully submitted,

Jeffery J. Oven
Mark L. Stermitz
Jeffrey M. Roth
CROWLEY FLECK PLLP
490 North 31st Street, Ste. 500
P.O. Box 2529
Billings, MT  59103-2529
Telephone: 406-252-3441
Email: joven@crowleyfleck.com
        mstermitz@crowleyfleck.com
        jroth@crowleyfleck.com

*Counsel for TransCanada Keystone
Pipeline LP and TC Energy
Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing will be served via the Court's

CM/ECF system on all counsel of record once accepted by the Court.

_____
Jeffrey M. Roth